IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>JO LARSON,<br><br>Defendant. | Civil No. 8:05CV546<br><br><br><br>STIPULATED JUDGMENT AND PERMANENT INJUNCTION |

This matter is before the Court on the parties' Stipulation to Judgment and Permanent Injunction and the Notice regarding the Stipulation filed by Plaintiffs' counsel. (Filing Nos. 15 and 16). In the Notice, Plaintiffs' counsel explains that the original Stipulation was prepared by Plaintiffs' former counsel, was presented to Defendant Jo Larson, and that before the Plaintiffs' current counsel became involved in the case, Larson executed the original Stipulation. Plaintiffs' current counsel filed the Notice to demonstrate his endorsement of the Stipulation and the Plaintiffs' consent and agreement to the terms of the Stipulation signed by the Defendant.[1]

The Court finds that the Defendant has been properly and validly served with the

---

[1] Attached to the Notice is a copy of the Stipulation bearing the Plaintiffs' counsel's signature. (Filing No. 16).

1

Summons and Complaint in this action, and that she is subject to the jurisdiction of the Court. Based on the filing of the stipulation, the Magistrate Judge has withdrawn his Report and Recommendation in which he had recommended that this case should be dismissed. (Filing No. 17). Accordingly, the Plaintiffs' objection to the Report and Recommendation shall be denied as moot. (Filing No. 14).

Having considered the Stipulation and Notice, the Court finds that the Plaintiffs have alleged that Larson distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Larson does not contest Plaintiffs' allegations, and she has acknowledged that such conduct is wrongful. By executing the Stipulation, Larson has acknowledged that she had read the Stipulation to Judgment and Permanent Injunction, the proposed Judgment and Permanent Injunction, and that she has had the opportunity to have them explained by counsel of her choosing, and that she fully understands and agrees to be bound by them.

The Court finds that Larson has irrevocably and fully waived notice of entry of the Judgment and Permanent Injunction, and that by signing the Stipulation, she has represented that she understands and agrees that any violation of the Judgment and Permanent Injunction may expose her to all penalties provided by law, including for contempt of court. Larson has also irrevocably and fully waived any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability;

Pursuant to the Stipulation and Notice, the parties agree that this Court may enter a final judgment and permanent injunction in favor of the Plaintiffs and against the Defendant. Accordingly,

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection to the Report and Recommendation (Filing No. 14) is denied as moot;

2. The Stipulation to Judgment and Permanent Injunction and Notice (Filing Nos. 15 and 16) are approved, and the relief requested therein shall be granted;

3. Judgment is entered in favor of the Plaintiffs UMG Recordings, Inc., Artista Records, LLC, Virgin Records America, Inc., Interscope Records, and Sony BMG Music Entertainment, and against the Defendant Jo Larson as follows:

   A. Larson shall pay to Plaintiffs in settlement of this action the sum of $8,750.00;

   B. Larson shall pay to Plaintiffs the cost of the suit, including filing fee and service of process fee) in the amount of $250.00;

   C. Larson shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

      I. using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs'

        Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of the Plaintiffs; or

        ii.    causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs;

    D.    Larson is directed to destroy all copies of Plaintiffs' Recordings that Defendant, and/or any third party who has used the Internet connection and/or computer equipment owned or controlled by her, has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Larson, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Larson's possession, custody, or control;

    E.    The findings made above are incorporated into this Judgment and Permanent Injunction by this reference; and

    4.    Nothing contained in the Judgment and Permanent Injunction shall limit the Plaintiffs' right to recover damages for any and all infringements by Defendant of any right under federal copyright law or state law occurring after the date Defendant executed the Stipulation to Judgment and Permanent Injunction;

Dated this 8th day of May, 2006.

                                          BY THE COURT

                                          s/Laurie Smith Camp
                                          United States District Judge